```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

SUSAN DAVIS                                    CIVIL ACTION

VERSUS                                         NO: 10-364

ST. TAMMANY PARISH, ET AL                      SECTION: J(3)

### ORDER AND REASONS

Before the Court is Defendant's **Motion for Summary Judgment (Rec. Doc. 24)** accompanied by Plaintiff's **Opposition (Rec. Doc. 30 )**, Defendant's **Reply (Rec. Doc. 37)**, and Defendant's **Sur-Reply (Rec. Doc. 41)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff Susan Davis filed the present suit on February 10, 2010, alleging various federal and state law claims arising out of her employment as a deputy sheriff with the St. Tammany Parish Sheriff's Office ("STPSO"). Upon matriculation with STPSO, Plaintiff was assigned to work in the Sex Offender Registry Unit ("Unit") alongside or under Mr. David Dickson. Plaintiff alleges that, during her time working in the Unit, she observed questionable practices regarding the registration of sex offenders and that she was sexually harassed by Mr. Dickson. Plaintiff further alleges that her attempts to report her harassment and the suspected of illegal activity vis à vis the operation of the Unit were repeatedly ignored by her superiors, including Defendant Major Elizabeth Taylor, until Plaintiff

finally complained to Internal Affairs ("IA").  After investigation by IA, Mr. Dickson was terminated.

Plaintiff alleges that after Mr. Dickson's termination, she "was met with obvious and blatant retaliatory conduct" by her superiors, including Defendant Major Taylor.  Plaintiff enumerates several instances of retaliatory conduct:

1. She was made to sit below what appeared to be a video recording device.
2. She was made to remove the partitions surrounding her desk; she claims that she was the only deputy made to remove her partitions.
3. She was instructed by Defendant Major Taylor to relocate to Mr. Dickson's former workstation over her objections.
4. She was reassigned to work on "an electronic document storage project" whereby she was required to manually remove staples from documents for several hours at a time.
5. She was ultimately transferred to the Traffic Collections Unit.
6. She was terminated on grounds of "insubordination" for refusing to handle cash as part of her new duties in the Traffic Collections Unit

Plaintiff alleges violations of Title VII of the Civil

Rights Act of 1964; violations of 42 U.S.C. § 1983 as to Defendant Sheriff Jack Strain, Jr.; violations of La. R.S. 23:967 ("Louisiana Whistleblower Statute"); and lastly violations of Louisiana Civil Code Article 2315 for negligent hiring, retention, and supervision of an employee.

On September 28, 2010, Defendants filed this Motion for Summary Judgment.

**DISCUSSION**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

To establish a prima facie case in employment retaliation cases at the summary judgment stage, an employee must show that (1) she engaged in a protected activity; (2) that her employer took the adverse employment action; and (3) that a causal link exists between the protected activity and the adverse employment action. McCoy v. City of Shreveport, 492 F.3d 551, 556-57 (5th Cir. 2007).

Plaintiff and Defendants disagree regarding the standard of proof for the third required showing–causation.  Plaintiff argues that she must show causation under the "mixed-motives" test.  Under this test, the Plaintiff first must show that the protected activity, i.e. her complaints of sexual harassment and violations of state law, was at least a motivating factor in the adverse employment actions.  Smith v. Xerox Corp., 602 F.3d 320, 327 (5th Cir. 2010).  If she succeeds, then the burden "shift[s] to the employer . . . [to] establish[] that it would have made the same decision without that factor."  Id.  Defendants, on the other hand, argue for the "but-for" standard called for under the burden shifting framework first established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  They argue that Plaintiff must demonstrate that Defendants would not have taken the adverse employment actions but for Plaintiff's complaints.  Defendants contend that, under this test, once they have demonstrated legitimate, non-discriminatory reasons for the adverse employment action, then dismissal is warranted unless the Plaintiff can demonstrate that these non-discriminatory motivations are merely a pretext to cover up a discriminatory motive.

According to recent Fifth Circuit precedent, the district court has discretion as to whether the "but-for"or "mixed-motives" test for causation is applied.  In Smith v. Xerox Corp., the Fifth Circuit held that the "mixed-motives" test may be

applied without regard to the type of evidence put forth by the Plaintiff "if the district court has before it substantial evidence supporting a conclusion that both a legitimate and an illegitimate (i.e., more than one) motive may have played a role in the challenged employment action." 602 F.3d 320, 333 (5th Cir. 2010).  Notably, the court reasoned that the case need not be "'correctly labeled as either a 'pretext' case or a 'mixed-motives' case from the beginning'" and that "'[a]t some point in the proceedings . . .the *District Court* must decide'" which test to apply.  Id. (quoting Price Waterhouse v. Hopkins, 490 U.S. 228, 247 n.12 (1989) (emphasis in Smith)).

 Regardless of whether a "but-for" or "mixed-motives" test is applied here, the Plaintiff has failed to satisfy the causation requirement.  Plaintiff fails under the "but-for" test because she fails to carry her burden to show that the legitimate, non-discriminatory reasons for the adverse employment actions proffered by the Defendants are pretextual.  Defendants have argued, inter alia, that Plaintiff's desk was moved as part of a general plan of reorganization, that the "video camera" that Plaintiff complains of was merely a cell phone antenna, and that Plaintiff was fired for insubordination for her refusal to perform her assigned tasks.  Plaintiff, for her part, remains silent regarding these reasons, arguing instead that the "but-for" test is not proper.

Plaintiff also fails to carry her burden under the "mixed-motives" test because she has not shown that her complaints were at least a motivating factor in the adverse employment actions taken by her employer.  Plaintiff argues solely that she is entitled to a presumption of causation due to the close temporal proximity between her complaints and the adverse employment actions.  Indeed, courts have held that, "[c]lose timing between an employee's protected activity and an adverse action against the employee may provide the causal connection needed to make out a prima facie case of retaliation."  Sandres v. State of La., 2010 WL 3782122, at *5 (M.D. La. 2010) (citing McCoy v. City of Shreveport, 492 F.3d 551, 562 n.28 (5th Cir.2007); Swanson v. General Services Admin., 110 F.3d 1180, 1188 (5th Cir.1997)).  However, that alone, is not sufficiently persuasive to avoid summary judgment here.  In Smith, the district court found that the plaintiff had established causation under the mixed motives test when the plaintiff had shown close temporal proximity, testimony by an HR manager conceding retaliation, and evidence showing that the employer had failed to follow its established disciplinary procedures with respect to the plaintiff.  584 F. Supp. 2d 905, 915 (N.D. Tex. 2008) aff'd 602 F.3d 320, 333 (5th Cir. 2010).   Plaintiff's case here is comparatively weak.

Plaintiff's §1983 claims should also be dismissed. Plaintiff's §1983 claims are asserted solely against Defendant

Sheriff Strain. "Supervisory officials cannot be held liable under section 1983 for the actions of subordinates . . . on any theory of vicarious or respondeat superior liability. <u>Estate of Davis ex rel. McCully v. City of North Richland Hills</u>, 406 F.3d 375, 381 (5th Cir. 2005). Here, Plaintiff has alleged that Sheriff Strain was on notice of her complaints of sexual harassment and of suspicious activities within the Unit; however, Plaintiff has not shown how the Defendant was personally involved in the alleged deprivation of her civil rights. She has not asserted that the Defendant was even aware of the alleged retaliatory actions against her, much less shown that his actions or omissions in some way contributed to these actions. Therefore, Plaintiff has failed to present a genuine issue of material fact for trial and her § 1983 claims against Sheriff Strain should be dismissed.

Additionally, Plaintiff's claims under the Louisiana Whistleblower statute, La. R.S 1.23:967, fail to provide a genuine issue of material fact for trial. Under La. R.S. 23:967, Plaintiff must demonstrate an *actual* violation of state law in order to prevail. <u>E.g.</u> <u>Hale v. Touro Infirmiary</u>, 2004-0003 (La. App. 4 Cir. 11/3/04); 886 So. 2d 1210, 1215. Here, Plaintiff only refers broadly to "violations of Louisiana [s]tate law and various sex offenders' civil rights to due process," which Plaintiff believes occurred when Mr. Dickson allegedly submitted

affidavits in support of arrest warrants and when Mr. Dickson allegedly failed to process offender registrations in a timely fashion.  Plaintiff fails to assert which, if any, Louisiana statutes Mr. Dickson's conduct supposedly violated or how he might have violated them. Mere assertion of a factual dispute unsupported by probative evidence will not prevent summary judgment.  Abbott v. Equity Group, Inc., 2 F.3d 613, 619 (5th Cir. 1993).  Therefore, Plaintiff's claims under this statute should be dismissed.

Finally, Plaintiff's fourth cause of action, whether Defendants negligently hired, retained, and supervised Mr. Dickson within the meaning of La. Civ. Code Art. 2315, should also be dismissed.  Louisiana courts consistently hold that "[g]enerally, a case against an employer for the torts of an employee based on the employer's alleged direct negligence in hiring, retaining, or supervising the employee is governed by the same duty-risk analysis used for all negligence cases in Louisiana." Jackson v. Ferrand, 94-1254 (La. App. 4 Cir., 12/28/94); 658 So. 2d 691, 698 (quoting Roberts v. Benoit, 605 So. 2d 1032 (La.1992) (on rehearing)).  Thus, in order to prevail, Plaintiff must show that the Defendants had a duty to protect her from Mr. Dickson and that their failure in that duty was the legal cause of her injuries.  In Smith v. Orkin Exterminating Co., a Louisiana court held that, an employer who

8

hires an employee "who in the performance of his duties will have a unique opportunity to commit a crime against a third party," has "a duty to exercise reasonable care in the selection of that employee" and that under some "unique circumstances" that employer has "a continuing duty to exercise reasonable care in the retention its employees."  Jackson, 658 So. 2d at 698 (quoting Orkin, 540 So. 2d 363, 366 (La. App. 1 Cir. 1989)).

   Here, even assuming Plaintiff could establish that Defendants owed her a duty and failed in that duty, the Plaintiff will be unable to produce any facts to show that the alleged negligence in hiring an attorney who was disbarred for mishandling of his clients' money was the legal cause of the Plaintiff's sexual harassment.  Louisiana courts have found that where the employee's unfitness does not make the tort or crime actually committed by the employee foreseeable by the employer, then there is no liability on behalf of the employer.  See, e.g., Lou Con, Inc. v. Gulf Bldg. Services, Inc., 287 So. 2d 192, 199 (La. App. 4 Cir., 1974) (finding  that "even if [the employer] had discovered the previous conviction record against [the employee] of his acting in concert with others in stealing welfare checks over five years before the date of his employment, it does not follow that it was reasonably foreseeable that such a man would commit the terrible crime of arson.").

   More specifically, Louisiana courts have found that the

employer will not be held liable where the actual tort or crime committed was sexual in nature and the alleged unfitness was not. See Mays v. Pico Finance Co., 339 So. 2d 382, 385 (La. App. 2d Cir. 1976) (finding that discovery of the fact that the employee had pled guilty to theft, was an alcoholic, and had personality problems, which could have been determined by a "cursory check" of the employee's background, would not reasonably have lead the employer to anticipate that the employee might commit rape); Jackson v. Ferrand, 658 So. 2d 691, 702 (La. App. 4 Cir. 1994) ("The risk involved in hiring a hotel employee with a criminal history of theft, felony theft of stolen merchandise, and carrying a concealed weapon does not encompass the risk that the employee will commit a sexual assault."). Here, the various financial improprieties perpetrated by Mr. Dickson that caused him to be disbarred could not lead an employer to reasonably believe that Mr. Dickson would sexually harass the Plaintiff. As such, Plaintiff's delictual claim should be dismissed.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 24) be **GRANTED** as to all causes of action.

New Orleans, Louisiana, this 15th day of November, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

10