UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN DAVIS | CIVIL ACTION |
| VERSUS | NO: 10-364 |
| PARISH OF ST. TAMMANY, ET. AL. | SECTION: "J"(3) |

**ORDER AND REASONS**

Before the Court are Defendants Rodney J. Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, and Major Elizabeth Taylor's ("Defendants") **Motion for Taxation of Costs and Attorneys' Fees (Rec. Doc. 51)**, Plaintiff Susan Davis' **Memorandum in Opposition (Rec. Doc. 55)**, and Defendants' **Reply in Support (Rec. Doc. 59)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff Susan Davis filed the present suit on February 10, 2010, alleging various federal and state law claims arising out of her employment as a deputy sheriff with the St. Tammany Parish Sheriff's Office ("STPSO"). Upon matriculation with STPSO, Plaintiff was assigned to work in the Sex Offender Registry Unit ("Unit") alongside or under Mr. David Dickson. Plaintiff alleged that, during her time working in the Unit, she observed questionable practices regarding the registration of sex offenders and that she was sexually harassed by Mr. Dickson. Plaintiff further alleged that her attempts to report the harassment and suspected illegal activity vis à vis the operation

of the Unit were repeatedly ignored by her superiors, including Defendant Major Elizabeth Taylor, until Plaintiff finally complained to Internal Affairs ("IA").  After investigation by IA, Mr. Dickson was terminated.

Plaintiff alleged that after Mr. Dickson's termination, she "was met with obvious and blatant retaliatory conduct" by her superiors, including Defendant Major Taylor.  Plaintiff enumerated several instances of retaliatory conduct:

1. She was made to sit below what appeared to be a video recording device.
2. She was made to remove the partitions surrounding her desk; she claims that she was the only deputy made to remove her partitions.
3. She was instructed by Defendant Major Taylor to relocate to Mr. Dickson's former workstation over her objections.
4. She was reassigned to work on "an electronic document storage project" whereby she was required to manually remove staples from documents for several hours at a time.
5. She was ultimately transferred to the Traffic Collections Unit.
6. She was terminated on grounds of "insubordination" for refusing to handle cash as part of her new duties in

the Traffic Collections Unit.

Plaintiff alleged violations of Title VII of the Civil Rights Act of 1964; violations of 42 U.S.C. § 1983 as to Defendant Sheriff Jack Strain, Jr.; violations of La. R.S. 23:967 ("Louisiana Whistleblower Statute"); and, lastly, violations of Louisiana Civil Code Article 2315 for negligent hiring, retention, and supervision of an employee. Plaintiff's claims were dismissed on summary judgment grounds, and Defendants have filed the Motion for Taxation of Costs and Attorneys' Fees (Rec. Doc. 51) that is currently before the Court.

## THE PARTIES' ARGUMENTS

In their Motion for Taxation of Costs and Attorneys' Fees (Rec. Doc. 51), Defendants argue that they are entitled to costs and attorneys' fees as prevailing parties under Federal Rule of Civil Procedure 54(d), 42 U.S.C. § 1988, and Title VII of the Civil Rights Act of 1964 and as Plaintiff's former employer under Louisiana Revised Statute § 23:967D. Rule 54(d) allows costs of litigation to be recovered by the prevailing party, FED. R. CIV. P. 54(d) (2010); Section 1988 allows the prevailing party to recover attorneys' fees in an action brought under 42 U.S.C. § 1983, 42 U.S.C. § 1988(b) (2010); Title VII allows the prevailing party in equal employment litigation to recover attorneys' fees, 42 U.S.C. § 2000e-5(k) (2010); and Section 23:967D allows the former employer of a whistleblowing employee to recover costs and

attorneys' fees if the employee acted in bad faith or if the court determines that the employer did not violate the law, LA. REV. STAT. ANN. § 23:967D (2010).  In support of their claims for attorneys' fees under Section 1988 and Title VII, Defendants argue that Plaintiff was unable to establish a *prima facie* case, Defendants never made an offer to settle the case, and the case never proceeded to trial on the merits—all factors that support awarding attorneys' fees.  In support of their claim for attorneys' fees under Section 23:967D, Defendants argue that Plaintiff never alleged a specific violation of Louisiana law. Finally, Defendants state that the attorneys' fees charged in this matter were reasonable and necessary.

In her Memorandum in Opposition (Rec. Doc. 55), Plaintiff argues that Defendants are not entitled to costs and attorneys' fees because her claims were not brought in bad faith or otherwise frivolous.  Moreover, the fact that Plaintiff's claims were dismissed on summary judgment does not mean that those claims were frivolous.  With regard to Defendants' claims under Section 1988 and Title VII, Plaintiff argues that her claims had arguable merit and that Defendants made an offer to settle the case for $1,500 when the matter was still pending with the Equal Employment Opportunity Commission ("EEOC").  Finally, Plaintiff states that Defendants' motion is designed to intimidate and dissuade other employee from filing similar claims in the future.

In their Reply in Support (Rec. Doc. 59), Defendants argue that their intention is not to intimate or dissuade other employees from filing similar claims.  With regard to their claims under Section 1988 and Title VII, Defendants state that even if Plaintiff's claims are not frivolous, they are unreasonable and/or groundless in nature.  Moreover, the settlement offer in the EEOC proceeding was prior to, and completely separate from, the instant lawsuit.

## DISCUSSION

Section 1988 states that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . .  42 U.S.C. § 1988(b).  Title VII contains similar language and states that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee" in employment discrimination cases.  42 U.S.C. § 2000e-5(k).  In order for a successful defendant to recover attorneys' fees under Section 1988 or Title VII, the defendant must show that the plaintiff's claim was "frivolous, unreasonable, or groundless."  Myers v. City of West Monroe, 211 F.3d 289, 292 (5th Cir. 2000) (quoting Walker v. City of Bogalusa, 168 F.3d 237, 239 (5th Cir. 1999)); E.E.O.C. v. Agro Distribution, LLC, 555 F.3d 462, 472 (5th Cir. 2009).  When considering whether a suit is frivolous, a district court should

consider various factors, including "whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial." Myers, 211 F.3d at 292. The high standard applied to defendants is designed to "ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." Id. (quoting Aller v. N.Y. Bd. of Elections, 586 F. Supp. 603, 605 (S.D. N.Y. 1984)).

Under Rule 54(d), costs should be awarded to the prevailing party in a lawsuit. FED. R. CIV. P. 54(d) (2010). An award under this provision, however, is discretionary. Under Section 23:967D, the employer of a whistleblowing employee is allowed to recover costs and attorneys' fees if the employee acted in bad faith or if the court determines that the employer did not violate the law, LA. REV. STAT. ANN. § 23:967D (2010). An award under this statute is also discretionary.

In this case, the Court finds that Defendants' arguments are not persuasive enough to award costs and attorneys' fees under Section 1988, Title VII, Rule 54(d), or Section 23:967D. With regard to Defendants' Section 1988 and Title VII claims, Plaintiff was able to establish a *prima facie* case, and her claims were arguably meritorious. Moreover, the fact that those claims were dismissed on summary judgment instead of proceeding

to trial on the merits does not necessitate a contrary result. With regard to all of Defendants' claims, and without reviewing Plaintiff's claims with the clarity that comes from the benefit of hindsight, the Court finds that Plaintiff's claims had arguable merit and were pursued in good faith.  Given the need to protect the ability of plaintiffs to initiate litigation without the unnecessary threat of incurring onerous legal fees if their claims fail, the Court exercises its discretion to not award costs and attorneys' fees to Defendants in this matter.

Accordingly, **IT IS ORDERED** that Defendants' **Motion for Taxation of Costs and Attorneys' Fees (Rec. Doc. 51)** is **DENIED**.

New Orleans, Louisiana, this 11th day of January, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE